UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VIGIL,<br><br>    Petitioner,<br><br>    v.<br><br>DANIEL PARAMO, Warden,<br><br>    Respondent. | No. 2:17-cv-2691 MCE KJN P<br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss this action as barred by the statute of limitations. Petitioner did not file an opposition with the court; however, respondent received an opposition from petitioner and filed it with respondent's reply. (ECF No. 17-1.)

As discussed below, the undersigned recommends that respondent's motion to dismiss this action as barred by the statute of limitations be granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

1

petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

III. Chronology

1. On August 12, 2013, in the Sacramento County Superior Court, petitioner was convicted of first degree murder, and a firearm enhancement was found true. (ECF No. 1 at 1.) On September 27, 2013, petitioner was sentenced to an indeterminate term of fifty years to life in state prison. (Respondent's Lodged Document ("LD") 1.)

2. Petitioner filed an appeal; on June 10, 2016, the California Court of Appeal affirmed the judgment. (LD 2.)

4. Petitioner sought review in the California Supreme Court, which was denied on

September 14, 2016.  (LD 3-4.)

////

      5. Petitioner did not file any subsequent post-conviction challenges in state court.

IV. <u>Filing Date of Instant Petition</u>

    The petition was filed with the court on December 26, 2017, but was signed by petitioner on November 30, 2017.  (ECF No. 1 at 45.)  Under the mailbox rule, the date plaintiff signed the petition is considered his filing date absent evidence to the contrary.  <u>See</u> <u>Jenkins v. Johnson</u>, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003) (date petition is signed may be considered earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule), <u>overruled on other grounds</u>, <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005).  Despite petitioner's November 30, 2017 signature, respondent provided evidence that petitioner mailed a copy of his petition to the office of the California Attorney General on December 22, 2017.  (ECF No. 12 at 2, n.1.)  Because plaintiff's unsigned proof of service confirms he mailed the petition to the court and the California Attorney General at the same time (ECF No. 1 at 50), it is reasonable to conclude he mailed his petition to the court on December 22, 2017.  (ECF No. 12 at 2, n.1.)  Plaintiff did not dispute this date in his opposition.

    The undersigned finds that the instant federal petition was constructively filed on December 22, 2017.

V. <u>Statute of Limitations</u>

    A. <u>Calculating the Limitations Period</u>

    Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such review.  Id.  The California Supreme Court denied review on September 14, 2016.  (LD 4.)  Petitioner then had ninety days, or until December 13, 2016, to file a petition for writ of certiorari with the U.S. Supreme Court.  <u>See</u> Sup. Ct. R. 13.  Because petitioner did not file a petition for writ of certiorari, AEDPA's one-year statute of limitations began to run the next day, December 14, 2016, and, absent tolling, expired on December 14, 2017.  <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that AEDPA's one-year limitations period begins to run on the

3

date "when the period within which the prisoner can petition for a writ of certiorari from the United States Supreme Court expires[.]").

Petitioner argues that the court should use the remittitur date of September 16, 2016, as the date for the finality of direct review. (ECF No. 17-1 at 2.) As argued by respondent (ECF No. 17 at 6), petitioner is mistaken. A "remittitur merely designates the judgment of the appellate tribunal which is authenticated to the court from which the appeal is taken and corresponds to the mandate used in the practice of the United States Supreme Court." See Combs v. Haddock, 209 Cal. App. 2d 627, 631, 26 Cal. Rptr. 252 (1962). "The date of remittitur is not relevant" in calculating the finality of direct review. Taylor v. Hedgpeth, 2009 WL 82276 (C.D. Cal. Jan. 8, 2009). In addition, petitioner receives no tolling pending issuance of the remittitur. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2002) ("a mandate is not a decision terminating review.").

B. Statutory Tolling

Section 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. Id. But petitioner did not file any state post-collateral challenges to his conviction, and therefore is not entitled to any statutory tolling.

Because the instant petition was constructively filed on December 22, 2017, but the limitations period expired on December 14, 2017, the petition is barred by the statute of limitations, unless petitioner can demonstrate he is entitled to equitable tolling.

C. Equitable Tolling

Petitioner argues that his delay was justified by his work schedule, which does not permit him to attend the law library as needed, and his regular days off are Sunday and Monday, which are days the law library are assigned for opposite yards. (ECF No. 17-1 at 1.) Petitioner claims he was unable to get legal copies or obtain any legal information about his case. Petitioner argues he was diligent and has no control over lockdowns, no program, no movements, "that would keep anybody from legal access." (Id.) Petitioner contends he has no legal knowledge.

A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations

4

only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010), citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). "Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)); Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness).

"The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

1. Inability to Use Law Library or Make Photocopies

As argued by respondent, petitioner failed to demonstrate his inability to access the law library. Petitioner provided documents demonstrating he worked from 6:30 a.m. to 2:00 p.m. on

Tuesdays through Saturdays during the relevant time frame. But this fails to show why petitioner could not have attended law library or obtain photocopies after his shift ended at 2:00 p.m. In addition, he provided no documentary evidence to support his claim that on Sundays and Mondays the law library was only available "for opposite yards." In addition, petitioner provided only one piece of evidence relevant to his library access claim, a copy of a post-it note. (ECF No. 17-1 at 4.) But this note bears no date and no name, so the court is unable to attribute the note to petitioner or the relevant limitations period. Petitioner did not provide a list of dates demonstrating his efforts to attempt to gain access to the law library or to make copies, yet was refused. In addition, petitioner failed to explain why he did not use the law library's paging system to gain access to legal materials when petitioner was unable to physically access the law library. Petitioner provided no evidence to show that he was subject to any lockdowns during the relevant period that interfered with his ability to make copies or access the law library.

Respondent provided evidence that the California Department of Corrections and Rehabilitations Operations Manual, Section 101120.10 requires prison staff to take an inmate's work schedule into account when scheduling library access, and also provides a paging system for inmates to obtain legal material when unable to access the law library, or during lockdowns. (ECF No. 17 at 4; 18-1 at 2.)

Even if petitioner had only very limited access to the law library, such limited access is insufficient to warrant equitable tolling. Ramirez v. Yates, 571 F.3d 993, 997-1001 (9th Cir. 2009) (petitioner not entitled to equitable tolling for period that he was in administrative segregation and had limited access to the law library and copy machine; ordinary limitations on access to a law library and copier are neither "extraordinary" nor make it "impossible" to file a timely petition); Earl v. Fabian, 556 F.3d 717, 723-25, 727-28 (8th Cir. 2009) (rejecting inmate's argument that his limited access to the law library due to his prison employment warranted equitable tolling, stating that "[b]ecause there is no freestanding constitutional right to a particular number of hours in the prison law library, [inmate's] alleged limited access to the library does not impact our determination that he failed to act with the requisite diligence") (citation and internal quotation marks omitted); Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003) (prison's rules

6

restricting use of prison library to two hours and requiring inmates to sign up for access in advance did not warrant equitable tolling).

The undersigned finds petitioner has failed to demonstrate his limited law library access or ability to make photocopies constituted extraordinary circumstances warranting equitable tolling.

### 2. Lockdowns

Petitioner has failed to support his statement concerning lockdowns. He provides no documents demonstrating when such lockdowns occurred, if they did, during the limitations period and, if so, how long they lasted. There is no evidence that such lockdowns made it impossible for petitioner to file his habeas petition, or that it was impossible to file the petition during the periods between lockdowns. Therefore, petitioner failed to meet his burden and is not entitled to equitable tolling based on lockdowns. Scott v. Pliler, 2001 WL 1006824 (N.D. Cal. Aug. 17, 2001) (no equitable tolling on the basis of lockdowns where inmate failed to provide evidence concerning such lockdowns).

### 3. Diligence

Here, petitioner simply claims he has been diligent, without providing any facts or evidence in support. The record provides no evidence of petitioner's diligence. After the California Supreme Court denied review on September 14, 2016, petitioner filed nothing until he filed the instant petition on December 22, 2017. Petitioner fails to explain his lack of diligence throughout the limitations period.

### 4. Lack of Legal Knowledge

Allegations that a petitioner lacked legal knowledge do not constitute extraordinary circumstances because nearly all inmates lack legal knowledge and rely on the legal assistance of untrained jailhouse lawyers. See, e.g., Fisher v. Ramirez-Palmer, 219 F. Supp. 2d 1076, 1080-81 (E.D. Cal. 2002); Wilson v. Bennett, 188 F. Supp. 2d 347, 353-54 (S.D. N.Y. 2002); Henderson v. Johnson, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998). Equitable tolling is not warranted based on a petitioner's lack of understanding of the law. Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (finding that the petitioner's pro se status, the law library's missing some reporter volumes, and the petitioner's reliance on busy inmate helpers were not extraordinary circumstances "given

the vicissitudes of prison life"); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (finding pro se petitioner's illiteracy and lack of legal knowledge insufficient to justify equitable tolling). Thus, petitioner is not entitled to equitable tolling based on his lack of legal knowledge.

VI. Conclusion

For all the reasons discussed above, petitioner has failed to demonstrate he is entitled to equitable tolling, and the petition is barred by the statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be granted on the grounds that the petition is barred by the statute of limitations;

2. This action be dismissed, and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 16, 2018

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vigi2691.mtd.hc.sol