UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY VIGIL,

    Petitioner,

v.

DANIEL PARAMO, Warden,

    Respondent.

No. 2:17-cv-2691 MCE KJN P

ORDER

    Petitioner is a state prisoner, proceeding pro se. On January 22, 2019, petitioner re-filed his December 14, 2018 request for extension of time and included a signature page as required. While not entirely clear, it appears petitioner seeks an extension of time to enable him to research the law governing Senate Bill 620 regarding California Penal Code Section 1385, and relies on various state court cases. (ECF No. 25 at 1.) Petitioner claims this is an Act to amend sections 12022.5 and 12022.53 of the penal code relating to firearms.[1] (Id.)

    Given the procedural posture of the instant action, the undersigned cannot grant petitioner an extension of time to research law concerning claims that are not at issue herein. Moreover, to

---

[1] "Section 12022.5, subdivision (c), and section 12022.53, subdivision (h), now both provide: 'The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.'" People v. Billingsley, 22 Cal. App. 5th 1076, 1080 (Ct. App. 2018), as modified (May 8, 2018), reh'g denied (May 24, 2018), review denied (June 27, 2018).

the extent petitioner believes he is entitled to a modified sentence under SB 620, such claim involves the application of state sentencing laws not giving rise to a federal question cognizable on federal habeas review. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

Finally, even if petitioner could state a cognizable federal habeas claim regarding his sentence, such relief appears unavailable to him. In People v. McDaniels, 22 Cal. App. 5th, 420, 423, 231 Cal. Rptr. 3d 443 (2018), the state Court of Appeals, First District, confirmed that SB 620 "took effect on January 1, 2018, and applies retroactively." Id. (remanding case to trial court to consider whether to strike the three firearm enhancements imposed under California Penal Code section 12022.53). However, California courts of appeal have held in several unpublished decisions that SB 620 applies retroactively only to criminal judgments that were not final as of the bill's effective date, January 1, 2018. See, e.g., People v. Lewis, 2018 WL 1354753, at *8, (Mar. 16, 2018); People v. Crockett, 2018 WL 914883, at *12 (Feb. 16, 2018); People v. Wilson, 2018 WL 4560933, at *1 (Sept. 24, 2018). These cases rely on In re Estrada, 63 Cal. 2d 740, 748 (1965), and People v. Francis, 71 Cal. 2d 66, 75-78 (1969), which held that when a statute mitigating punishment becomes effective before final judgment, the lesser punishment provided by the new law should generally be imposed.

Here, as noted in the findings and recommendations, petitioner's 2013 conviction became final on December 13, 2016, ninety days after the California Supreme Court denied his petition for review. (ECF No. 19 at 3.) Therefore, petitioner would not be entitled to the retroactive application of sections 12022.5 or 12022.53. See, e.g., Hernandez v. Madden, 2018 WL 3473974, at *11-12 (C.D. Cal. Apr. 10, 2018) (denying request for stay because petitioner's conviction became final before SB 620 went into effect); Chavez v. Baughman, 2018 WL 5734654, at *2 (C.D. Cal. Oct. 28, 2018) (where conviction became final in 2008, prisoner not entitled to retroactive application of § 12022.53(h).)

////

////

Accordingly, IT IS HEREBY ORDERED that petitioner's request for an extension of time (ECF No. 21) is denied.

Dated: February 6, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vigi2691.111